UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JARED ALGER,<br>        Plaintiff,<br>   v.<br>JIM MACDONALD,<br>        Defendant. | Case No. 5:15-cv-04568-HRL<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Jared Alger, a California prisoner, seeks federal habeas relief under 28 U.S.C. § 2254, challenging his state conviction. According to the petition, a jury in Contra Costa County found Alger guilty of manslaughter, personal use of a firearm, false imprisonment, and assault.[1]

The petition further states: Alger appealed to the California Court of Appeal, which reversed his conviction. The California Supreme Court subsequently vacated that decision and remanded for reconsideration. On remand, Alger's conviction was upheld. Alger says that the California Supreme Court denied his petition for review on December 11, 2013, as did the U.S. Supreme Court on October 6, 2014.

Petitioner has paid the filing fee and has consented to the jurisdiction of a United States Magistrate Judge (Dkt. 5). 28 U.S.C. § 636; Fed. R. Civ. P. 73.

---

[1] According to the petition, the sentence for assault was stayed.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner claims the following grounds for federal habeas relief: (1) he was wrongfully denied an opportunity to cross-examine the coroner who performed the autopsy; and (2) his right to counsel was violated because his retained counsel was not permitted to substitute in place of the public defender. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

For the foregoing reasons and for good cause shown:

1. The Clerk shall serve by mail a copy of this order and the petition (Docket No. 1) and all attachments thereto, as well as a magistrate judge jurisdiction consent form, on Respondent and Respondent's attorney, the Attorney General of the State of California.

2. Respondent shall file with the court and serve on Petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, Respondent shall also return the magistrate judge jurisdiction consent form.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **thirty (30) days** of the date the answer is filed.

2

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

SO ORDERED.

Dated: January 28, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge